IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JACQUELINE DANFORD, Individually and on Behalf of Those Similarly Situated** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO.: 1:22cv198 TBM-RPM |
| **RESURGENT CAPITAL SERVICES L.P. AND LVNV FUNDING LLC** | **DEFENDANTS** |

### CLASS ACTION COMPLAINT – JURY DEMAND

COMES NOW, Plaintiff, Jacqueline Danford, individually, and on behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, Resurgent Capital Services L.P. and would state the following:

### NATURE OF ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

### JURISDICTION, PARTIES AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. Jacqueline Danford ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as she is a natural person obligated or allegedly obligated to pay a debt.

5. Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business in Greenville, South Carolina, and may be served with process through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, MS 39110.

6. LVNV Funding LLC ("LVNV") is a Delaware Limited Liability Company with its principal place of business in Nevada. LVNV is not registered to conduct business within the state of Mississippi and may be served by certified mail upon one of its officers at 6801 S. Cimmaron Rd. Suite 424-J Las Vegas, NV 89113.

7. Collectively, LVNV and Resurgent are referred to in this Complaint as "Defendants".

8. Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) they both use instrumentalities of interstate commerce and the mail in their business and the principal purpose of Defendants' businesses is the collection of debt owed or due or asserted to be owed or due another.

9. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. In an email dated May 2, 2020, Plaintiff was contacted by a representative from TrueAccord regarding an account owned by LVNV Funding LLC associated with an account number with the last four digits of 2063– which account was purportedly originally owed by her to Synchrony Bank (hereinafter "the *2063 account").

11. The email stated the amount owed, the original creditor, the balance, and identified LVNV Funding LLC as "Current Creditor."

12. This email further stated: "This communication is from a debt collector and is an attempt to collect a debt."

13. In a similar email dated May 27, 2020, TrueAccord communicated to Plaintiff about an account bearing the last four digits of 3959 purportedly originally owed by her to Synchrony Bank (hereinafter "the *3959 account").

14. The email stated the amount owed, the original creditor, the balance, and identified the LVNV Funding LLC as "Current Creditor."

15. This email further stated: "This communication is from a debt collector and is an attempt to collect a debt."

16. Upon receipt of this email, Plaintiff sent a letter by certified mail to TrueAccord stating that she did not wish to be contacted by them and to "cease and desist" contact and collections.

17. At some point between the May 27, 2020 email and June 10, 2020, Resurgent began "managing" the accounts owed to LVNV according to a letter dated June 10, 2020 which was sent in response to a letter disputing the debt sent by Plaintiff to TrueAccord dated June 1, 2020.

18. This letter was a proper notice of dispute and request for validation pursuant to 15 U.S.C. §1692g.

19. The June 10, 2020 Letter sent by Resurgent stated that it was "initiat[ing] a review of the inquiry" but otherwise did not acknowledge the Plaintiff's disputing of the debt.

20. Defendants failed to notify any credit reporting agencies that the debt was disputed by the Plaintiff.

21. The June 10, 2020 letter further stated: "This communication is from a debt collector and is an attempt to collect a debt."

22. The Plaintiff received at least four (4) letters bearing a date of June 10, 2020. Two of them appear to be "initial" response letters, stating that Resurgent was initiating a review of the inquiry received. The other letters appear to be "verification" letters, which stated that had received an inquiry regarding the debt and were providing an "account summary" which "provides verification of debt." None of the letters acknowledged the fact that the purpose of Plaintiff's initial letter was not to verify, but to dispute the debt.

23. The Letters stated the amount owed, the original creditor, the balance, and identified Resurgent as managing the Accounts on behalf of LVNV.

24. The Letters further stated: "This communication is from a debt collector and is an attempt to collect a debt."

25. In response to the June 10, 2022 letters, Plaintiff sent another dispute letter on June 16, 2022 to Defendants regarding the above accounts. Note that the Plaintiff utilized the Resurgent Reference Numbers as the account numbers instead of the original account numbers. A copy of this letter is attached as Exhibit A.

26. Resurgent responded to Plaintiff's June 16, 2022 letter by

27. In a letter dated August 3, 2020, the Plaintiff sent another letter to Defendants regarding the alleged debts associated with the *2063 and *3959 accounts and advised the Defendants that she had previously disputed and attempted to request validation of the debts and that the Defendants had failed to acknowledge this. The August 3, 2020 letter is attached as Exhibit B.

28. In the August 3, 2020 letter, Plaintiff further requested that the Defendants "cease and desist" communication with her regarding these debts.

29. This letter was sent certified mail and was received by Defendants.

30. The Defendants ignored the request to cease and desist and instead responded to Plaintiff's dispute letter with different letters for each account.

31. Plaintiff and Resurgent corresponded back and forth regarding the two accounts with Plaintiff contesting that the Debts had been properly validated and requesting more information, or otherwise asking the Defendants to cease communications, and Resurgent responding on behalf of itself and LVNV by sending a form letter in response.

32. Each of the letters sent by Resurgent contains a form number and the contents of each letter can be readily summarized by the corresponding form number as follows:

    i. XXXXXXXX-INITIAL-CS: Resurgent states that it has initiated a review of the inquiry. A copy of one such letter is attached as Exhibit C.

    ii. XXXXXXXX-VERACS-CS: Resurgent states that it has received a recent inquiry regarding an account and that they have "enclosed the account summary which provides verification of debt." A simple account summary is attached to these letters. A copy of one such letter is attached as Exhibit D.

    iii. XXXXXXXX-ENCLADR-CS: Resurgent states that they have received a recent inquiry regarding an account and that they have "enclosed the documents you requested." Another simple account summary is attached to these letters. A copy of one such letter is attached as Exhibit E.

    iv. XXXXXXXX-ARFRD2-CS: Resurgent states that the letter is "in response to a recent communication regarding identity theft or fraudulent charges in connection with the above referenced account." The letter also states that Resurgent has "determined that the information provided is insufficient to support the claim" and requests additional information. At no time did Plaintiff claim that her identity had been stolen or there had

been any fraudulent charges made on her behalf, but simply wished to A) dispute the debt, B) request validation of the debt, and finally, when these efforts failed, C) request that Resurgent "cease and desist" communications. A copy of one such letter is attached as Exhibit F.

33. All form letters sent by Resurgent contained the following statement: "This is an attempt to collect a debt and any information will be used for that purpose. This communication is from a debt collector."

34. From June 10, 2020 to May 17, 2022, Plaintiff received at least 43 letters from Defendant, further identified in the following table:

| Account No. *3959 (Reference No. *9367) | | Account No. *2063 (Reference No. *8060) | | Account No. *7312 (Reference No. *8382) | |
|---|---|---|---|---|---|
| **Form** | **Quantity** | **Form** | **Quantity** | **Form** | **Quantity** |
| INITIAL | 5 | INITIAL | 6 | INITIAL | 1 |
| VERACS | 7 | VERACS | 10 | VERACS | 1 |
| ARFRD2 | 4 | ARFRD2 | 5 | ARFRD2 | 0 |
| ENCLADR | 2 | ENCLADR | 2 | ENCLADR | 0 |
| Total: | 18 | Total: | 23 | Total: | 2 |

**Total: 43 Letters**

35. After numerous frustrating and mentally agonizing attempts to dispute and validate the debts purportedly owed by her and upon realizing that her requests for additional information were being ignored, Plaintiff sent a letter dated October 2, 2020, with the heading "**CEASE AND DESIST**" that again requested that Defendants "cease and desist all communications" and advised

Resurgent that she had previously requested them to cease and desist communications. "Again, for the fifth time I am demanding that you and client ***Cease and Desist*** collections and all communication immediately…" (emphasis in original). This letter is attached as Exhibit G.

36. This letter was sent certified mail and was received by Resurgent and/or LVNV.

37. Despite numerous requests that Defendants cease all communications regarding the referenced accounts, Defendants continued to send additional correspondence to the Plaintiff regarding the same accounts.

38. In total, the Plaintiff received at least 43 letters from Resurgent regarding the above accounts after Resurgent received Plaintiff's letter requesting that it cease communications.

39. In none of the 43 or more letters sent by Resurgent to Plaintiff after her request to stop communications did Resurgent (1) advise the Plaintiff that the debt collection would be terminated, (2) notify the Plaintiff that Resurgent might invoke specified remedies, or (3) notify the Plaintiff that Resurgent was invoking or intended to invoke specified remedies.

40. In each of her letters to Defendants after October 3, 2020, Plaintiff repeated her plea that Defendants cease further communications to her regarding the accounts.

41. These pleas to cease communications and stop its harassment of the Plaintiff were ignored by Defendants in violation of 15 U.S.C. §1692c(c), which states:

> **(c) Ceasing Communication**
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . .

42. This back and forth between Plaintiff and Defendants has continued essentially to this day. The Plaintiff continues to send Cease and Desist letters to Resurgent only for her requests to be ignored and be responded to with one of the above referenced form letters.

43. Additionally, the letters sent by Resurgent often contain discrepancies regarding the balances of some of the accounts. As an example, sometimes the *3959 is purported to have a balance of $822.16 and at other times it shows a balance of $783.16. Plaintiff has not made a payment on these accounts and the account balance should not have changed since the original creditor charged off the account. A copy of two of these conflicting letters, dated August 10, 2020 (showing a balance of $822.16) and March 17, 2022 (showing a balance of $783.16) are attached as Exhibits H and I, respectively.

44. Defendants have furnished information regarding the Accounts to various Credit Reporting Agencies including Equifax Information Services, LLC.

45. Such information includes false information regarding the date the account was opened, reporting it as the date that the account was acquired by LVNV and not the correct date that the account was opened.

46. Defendants also failed to report to Credit Reporting Agencies including Equifax Information Services, LLC that the Accounts were disputed.

47. Because of the Defendants' actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

## INDIVIDUAL CLAIMS FOR RELIEF

**Count I: Violation of 15 U.S.C. § 1692c –
Defendants Failed to Cease Communications to Plaintiff After Plaintiff
Requested in Writing That Defendants Cease Communications.**

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. In a letter dated October 2, 2020, Plaintiff sent a request to the Defendants requesting that the Defendants "cease and desist collections and all communications immediately." (Exhibit F).

50. The Defendants received the October 2, 2020 letter.

51. The Defendants ignored Plaintiff's request and instead sent Plaintiff at least 43 different letters after it received notice that Plaintiff wanted communications to cease.

52. In addition to the October 2, 2020 letter, Plaintiff sent at least ten additional letters to Defendants requesting that they cease communications. These letters were sent between November 27, 2020 and April 30, 2022.

53. 15 U.S.C. §1692c(c) provides:

> **(c) Ceasing Communication**
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . .

54. The statute continues by providing three exceptions: (i) to advise the consumer that the debt collector's further efforts are being terminated, (ii) to notify the consumer that the debt collector may invoke a specified remedy ordinarily invoked by the debt collector, or (iii) to notify the consumer that the debt collector intends to invoke a specified remedy – none of which are applicable to the communications received by the Plaintiff.

55. The Defendants violated §1692c(c) no less than 43 times by sending the Plaintiff communications with respect to the *3959, *2063, and *7312 accounts.

56. Because of the Defendants' actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

57. Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

### Count II: Violation of 15 U.S.C. § 1692e –
### Defendants Sent Misleading Representations to Plaintiff By Sending Form Letters In Response To Disputes Which Were Unrelated To The Disputes.

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. The ARFRD2 form letters sent by the Defendants stated that the letters were "in response to a recent communication regarding identity theft or fraudulent charges in connection with the above referenced account." The letter also states that the Defendants have "determined that the information provided is insufficient to support the claim" and requests additional information.

60. At no point did Plaintiff ever claim that her identity had been stolen or that fraudulent charges were assessed against her, and instead, initially, only wished to dispute the debts and obtain validation from the Defendants pertaining to the accounts. Eventually, these form letters were even sent in response to Plaintiff's Cease and Desist letters.

61. The ARFRD2 letters sent by Defendants to Plaintiff were all false and misleading.

62. The Defendants violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in connection with the collection of the alleged debt.

63. The Defendants violated 15 U.S.C. § 1692e and e(2).

64. Because of the Defendant's actions, Plaintiff has suffered actual damages including postage, attorney's fees, and treatment costs related to emotional distress.

65. Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

### Count III: Violation of 15 U.S.C. §§ 1692d–
### Defendants Harassed Plaintiff by Sending More Than 43 Non-Responsive Letters Regarding Just Three Accounts and by Repeatedly Contacting the Plaintiff Subsequent to Numerous Requests to Cease and Desist Communications.

66. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

67. Resurgent sent at least 43 letters to the Plaintiff regarding the *3959, *2063, and *7312 accounts.

68. Resurgent sent at least 43 of these letters after they received a letter specifically requesting that they "cease and desist all collections and communications".

69. Plaintiff notified Defendants in writing multiple times that its behavior was harassing to Plaintiff. Plaintiff sent letters explicitly requesting of the Defendants "stop harassing me".

70. 15 U.S.C. §1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

71. Sending constant, misleading letters to the Plaintiff over a span of two years with many letters being sent on the same day had the natural consequence of harassing the Plaintiff.

72. Sending letters to the Plaintiff after the Plaintiff specifically requested of the Defendants "cease and desist all collections and communications" and "stop harassing me" had the natural consequence of harassing the Plaintiff.

73. The Defendants violated 15 U.S.C. § 1692d.

74. Because of the Defendants' actions, Plaintiff has suffered actual damages including postage, attorneys fees, and treatment costs related to emotional distress.

75. Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

**Count IV: Violation of 15 U.S.C. § 1692e –
Defendants Furnished Inaccurate Information to Credit Reporting Agencies**

76. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

77. Defendants furnished information regarding the Accounts to various Credit Reporting Agencies including Equifax Information Services, LLC.

78. Such information includes false information regarding the date the account was opened, reporting it as the date that the account was acquired by LVNV Funding, LLC and not the correct date that the account was opened.

79. Defendants also failed to report to Credit Reporting Agencies including Equifax Information Services, LLC that the Accounts were disputed.

80. The Defendants violated 15 U.S.C. §§ 1692e and e(8) by making deceptive, false, or misleading representations in connection with the collection of the alleged debt and by failing to notify Credit Reporting Agencies that certain accounts were disputed by the Plaintiff.

81. The Defendants violated 15 U.S.C. § 1692e and e(8).

82. Because of the Defendants' actions, Plaintiff has suffered actual damages including postage, attorney's fees, and treatment costs related to emotional distress.

83. Plaintiff is entitled to recover actual damages, statutory damages, and costs of the action, together with reasonable attorney's fees.

84. Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
    (1)    any actual damage sustained by such person as a result of such failure;
    (2)
    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
\*\*\*
    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendants violated 15 U.S.C. § 1692c(c), 1692(d), 1692e, and e(2);

B.    an order enjoining Defendants from further violation(s) of 15 U.S.C. § 1692c(c), 1692(d), 1692e, and e(2);

C.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

E.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.    an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

85.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

86.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated identified as "Putative Class A" and "Putative Class B".

87.    Putative Class A is defined as follows:

All natural persons residing in the State of Mississippi who (a) communicated to Defendants a written request that Defendants cease communications and (b) within the one (1) year prior to the filing of the original complaint and during its pendency (c) received additional correspondence from the Defendants (d) unless such correspondence was for one of the following purposes: (i) to advise the consumer that the Defendants further efforts are being terminated, (ii) to notify the consumer that the Defendants may invoke a specified remedy ordinarily invoked by the Defendant, or (iii) to notify the consumer that the Defendants intends to invoke a specified remedy.

88. Putative Class B is defined as follows:

All natural persons residing in the State of Mississippi who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received a letter substantially similar to the letter presented as ARFRD2. (Exhibit F) (c) when said person did not claim to have been the victim of identity theft but instead sent a letter disputing the debt, requesting validation, or requesting Defendants to cease communications prior to receipt of such letter.

89. Excluded from each of the Putative Classes are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge and Magistrate Judge to whom this case is assigned, as well as the Judge and Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

90. Members of the Putative Classes will be identified through discovery of Defendant's business records.

91. Members of the Putative Classes are not adverse to each other and are entitled to substantially similar damages in the form of statutory damages.

### A. Numerosity

92. On information and belief, Defendants sent similar communications to Mississippi residents on no less than 40 occasions.

93. On information and belief, Defendants sends hundreds – if not thousands – of similar communications to Mississippi residents on a regular basis.

94. The exact number of members of the Putative Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

95. The Defendant's reliance on form letters and automation indicate that individuals similarly situated to the Plaintiff likely received substantially similar correspondence from the Defendant.

### B. Typicality

96. Plaintiff's claims are typical of the claims of other members of the Putative Class.

97. On information and belief, Defendant's business records will show that they sent similar letters to different consumers in the state of Mississippi.

98. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to statutory damages as result of Defendant's conduct.

### C. Commonality and Predominance

99. There are common questions of fact and law with the claims of Plaintiff and the Putative Classes.

100. These common questions of fact and law are whether Defendant's communications were misleading or if they were sent after a request to cease communication.

101. These common questions of fact and law are subject to common proof through review of Defendant's business records.

102. These common questions of fact and law are answerable for the entirety of each Putative Class.

103. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Classes.

### D.    Superiority and Manageability

104. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

105. Joinder of all parties is impracticable.

106. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

107. Even if individual members of each of the Putative Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and to the courts.

108. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

109. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.   Adequate Representation

110. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

111. Plaintiff has retained counsel competent and experienced in consumer litigation and in class actions.

112. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendants have no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count V: Violation of §1692c –
### Defendants Failed to Cease Communications to Members of Putative Class B After They Requested in Writing That Defendants Cease Communications.

113. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

114. Members of Putative Class A sent written requests to Defendants requesting that they cease communication regarding their alleged debts to Defendant.

115. Defendants sent additional correspondence to members of Putative Class A in violation of §1692c.

116. Members of Putative Class A will be identified through discovery of Defendant's business records.

117. Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
(1)     any actual damage sustained by such person as a result of such failure;

(2)  in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

## Count VI: Violation of §1692e –
### Defendants Sent Misleading Representations to Members of Putative Class C By Stating That it Requested Additional Documentation When it Had Not Requested any Additional Information.

118. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

119. Each of the Members of Putative Class B received correspondence from Defendants stating the following: "This letter is in response to a recent communication regarding identity theft or fraudulent charges in connection with the above referenced account. We have determined that the information provided is insufficient to support the claim."

120. This statement was misleading with respect to members of Putative Class B because the members had not stated that they were the victim of identity theft or fraudulent charges, and instead wished to either A) dispute the debt, B) validate the debt, or C) inform the Defendants to cease communications.

121. The Defendants violated 15 U.S.C. §§ 1692e and e(2) with respect to members of Putative Class B by making deceptive, false, or misleading representations in connection with the collection of the alleged debt.

122. Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;
(2) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class request the following relief:

A. an order granting certification of the proposed classes, including the designation of Plaintiff as the named representative of each class, and the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendants violated 15 U.S.C. § 1692c, e, and e(2);

C. an order enjoining Defendants from further violation(s) of 15 U.S.C. § 1692c, e, and e(2);

D. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendant;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

- 20 -

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

/s/Michael T. Ramsey
Michael T. Ramsey (MSB #104978)
**SHEEHAN & RAMSEY, PLLC**
429 Porter Avenue
Ocean Springs, Mississippi 39564
228-875-0572
mike@sheehanramsey.com